UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KIMBERLY HARTMAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CENTRA HEALTH, INC. et al.,<br><br>　　　　　Defendant. | Case No.: 6:20CV00027 (NKM) |

**MEMORANDUM IN SUPPORT OF DEFENDANT WESLEY THOMAS GILLESPIE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

　　　　The Complaint against Defendant Wesley Thomas Gillespie fails in every respect to state a cause of action, and should be dismissed under Fed. R. Civ. P. 12 (b)(6). Plaintiff alleges statutory business conspiracy in violation of Va. Code §18.2-499(B) against Mr. Gillespie, and Co-Defendants Centra Health, Inc. and Nathan Campbell (Count V). But under Virginia law, Centra Health cannot conspire with its own employees. Additionally, Plaintiff fails to plead facts demonstrating that Mr. Gillespie intended to injure her trade, business, or profession, as required by Va. Code §18.2-499(B). And Plaintiff's bare factual allegations are plainly inadequate to support there was a combination or conspiracy, or that Mr. Gillespie engaged in "unlawful" conduct. For these reasons, the Court should dismiss the Complaint against Mr. Gillespie with prejudice.

**BACKGROUND AND ALLEGATIONS**

　　　　Plaintiff Kimberly Hartman, a registered nurse, formerly employed by Defendant Centra Health, worked as a Unit Manager of the Child and Adolescent Psychiatric Unit at Virginia

Baptist Hospital ("VBH") from 2014 until June 6, 2019. *Plaintiff's Complaint*, ¶¶ 9, 18, 23. Plaintiff alleges Centra Health's employees denied or delayed admission to at least two juveniles who were referred for admission to the Child and Adolescent Psychiatric Unit at VBH, in violation of EMTALA. *Plaintiff's Complaint*, ¶ 3. Plaintiff claims she reported this alleged violation to her supervisors, and that as a result, Centra Health, acting by and through its employees, "maliciously and viciously retaliated" against Plaintiff by (1) threatening her, (2) terminating her employment, (3) sending armed guards to her home, (4) lying about the circumstances of her termination of employment to scholastic officials to interfere with her education and future business, (5) falsely attempting to bring criminal charges against her, (6) attempting to have her nursing license suspended or revoked, (7) terminating treatment of her autistic daughter without cause, and (8) banning her and her attorney from the hospital without cause. *Plaintiff's Complaint*, ¶¶ 3-4.

As a result, Plaintiff brings six causes of actions against Defendants: Centra Health's Retaliation for reporting EMTALA violations (Count I), Defamation by Centra Health and Stephanie East (Count II), Defamation by Centra Health and Nathan Campbell (Count III), statutory conspiracy under Va. Code §18.2-499(B) by Centra Health and Stephanie East (Count IV), statutory conspiracy under Va. Code §18.2-499(B) by Nathan Campbell and Mr. Gillespie (Count V), and Wrongful Termination by Centra Health (Count VI).

Relevant to this motion, Plaintiff alleges a single count of statutory business conspiracy against Mr. Gillespie (Count V). Mr. Gillespie was a "security guard employed by Centra Health, Inc." on November 16, 2019. *Plaintiff's Complaint*, ¶ 13. On that day, he was on duty as a security guard in the emergency room at Lynchburg General Hospital, when Plaintiff's mother-in-law was admitted as a patient. *Plaintiff's Complaint*, ¶¶ 111-14. When Plaintiff visited her

2

mother-in-law, Mr. Gillespie allegedly "accosted and verbally abused" her. *Plaintiff's Complaint*, ¶ 115. Plaintiff contends that Mr. Gillespie's actions were allegedly "so extreme" that "one other patient complained about his conduct." *Plaintiff's Complaint*, ¶ 116. She further claims that Mr. Gillespie later approached Plaintiff in the waiting room of the hospital, with her family and attorney, and "without cause, began aggressively insulting and threatening them." *Plaintiff's Complaint*, ¶¶117-18. Mr. Gillespie only "ceased his abusive and threatening behavior" when he recognized that Plaintiff's attorney was present. *Plaintiff's Complaint*, ¶¶117-18. Plaintiff then alleges that Mr. Gillespie summoned an officer from the Lynchburg Police Department in an attempt to "persuade that police officer to harass and intimidate" Plaintiff and her family. *Plaintiff's Complaint*, ¶ 119.

In claiming that Mr. Gillespie engaged in statutory business conspiracy in violation of Va. Code §18.2-499(B), Plaintiff states that during the alleged incident on November 16, 2019, Mr. Gillespie acted "at the behest of" Centra Health, Inc. and "under the supervision of and at the direction of Nathan Campbell", and that Mr. Gillespie's actions "reflected a policy of Centra Health, Inc. to punish" Plaintiff for reporting EMTALA violations. *Plaintiff's Complaint*, ¶¶ 167-69. Plaintiff also states that when Mr. Gillespie attempted to enlist the police officer to "harass and intimidate" her and her family, he did so "in furtherance of" Centra Health's policy to "punish" Plaintiff for reporting EMTALA violations and to "injure [her] reputation in her profession in public." *Plaintiff's Complaint*, ¶ 170.

## ARGUMENT

### I.   Legal Standard for Motion to Dismiss

The standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is clear. The Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff

3

has a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Moreover, "[a] plaintiff does not satisfy Rule 8 when the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong.'" *Classen Immunotherapies, Inc. v. Biogen Idec*, 381 F. Supp. 2d 452, 455 (D. Md. 2005) (citing *Appalachian Enterprises, Inc. v. Epayment Solutions Ltd*., 2004 U.S. Dist. LEXIS 24657, *21 (S.D.N.Y. 2004)).

## II.     Mr. Gillespie Should be Dismissed from this Lawsuit

Plaintiff's statutory business conspiracy claim fails because, under the doctrine of intra-corporate immunity, Defendant Centra Health cannot conspire with its own employees. Additionally, Plaintiff's statutory business conspiracy claim should be dismissed because, as it relates to her claim against Mr. Gillespie, she fails to allege any injury to her protected business interests, as required by Va. Code §18.2-499(B). Furthermore, Mr. Gillespie's request for the assistance of a Lynchburg Police Officer (whom Plaintiff alleges did not engage in the manner requested by Mr. Gillespie) does not satisfy the requirements of pleading a combination or conspiracy or unlawful conduct. For these reasons, Plaintiff's complaint against Mr. Gillespie should be dismissed with prejudice.

> A.     *Mr. Gillespie Cannot be Held Liable for Conspiracy under the Doctrine of Intra-Corporate Immunity, as Centra Health Cannot Conspire with its Own Employees.*

Va. Code §18.2-499 pertains to conspiracy between two or more persons to injure others in their reputation, trade, business or profession. Under the intra-corporate immunity doctrine, however, "a corporation cannot conspire with itself, just as an individual cannot conspire with

4

himself." *Selman v. American Sports Underwriters, Inc.*, 697 F. Supp. 225, 238 (W.D. Va. 1988). The reasoning behind this doctrine is clear; "[s]ince a corporation is merely a legal entity wholly created by law, it can only act through its agents, officers, and employees; therefore, a conspiracy between a corporation and the agents of that corporation who are acting in the scope of their employment is a *legal impossibility*." *Id*. (citing *Griffith v. Electrolux Corp*. 454 F. Supp. 29, 32 (E.D. Va. 1978)) (emphasis added); *see also Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 258 F. Supp. 2d 461, 464-65 (W.D. Va. 2003) ("A corporation cannot conspire with its employees or agents because 'the officers of a single firm are not separate economic actors pursuing separate economic interests, so agreements among them do not suddenly bring together economic power that was previously pursuing divergent goals.'").

The Fourth Circuit has identified only two exceptions to the rule: (1) when a corporate employee has an 'independent personal stake' in achieving the illegal goals of the corporation, and (2) when the acts of the agent or employee are unauthorized. *Buschi v. Kirven*, 775 F.2d 1240, 1252-53 (4th Cir. 1985). Thus, the "intracorporate immunity doctrine," adopted by the Virginia Supreme Court as well as the Fourth Circuit, "deems multiple defendants a single entity for the purpose of analyzing a civil conspiracy claim if such defendants are employees or agents of the same entity and are acting within the scope of their employment/agency. *Vollette v. Watson*, 937 F. Supp. 2d 706, 727 (E.D. Va. 2013).

In this case, Plaintiff alleges that Centra Health, Mr. Gillespie, and Nathan Campbell engaged in a statutory business conspiracy. *Plaintiff's Complaint*, ¶ 167-71. But the complaint also alleges that, at the time of the alleged incident, Mr. Gillespie was employed by Centra Health, and Mr. Campbell was the Director of Security for Centra Health, Inc. *Plaintiff's Complaint*, ¶ 12-13. Furthermore, neither exceptions are applicable here, as the Complaint is

devoid of any allegations that suggest Mr. Gillespie or Mr. Campbell had any personal motives or that they were acting in an unauthorized manner. To the contrary, Plaintiff alleges that Mr. Gillespie was following Centra Health's policies. As a result, because Mr. Gillespie and Mr. Campbell were indisputably agents and/or employees of Centra Health, the intra-corporate immunity doctrine deems them a single entity, and, a single entity cannot conspire with itself. Thus, Plaintiff's Complaint against Mr. Gillespie must be dismissed.

>    B.   *Plaintiff Failed to Allege any Injury to her Protected Business Interests, as Required by Va. Code §18.2-499(B).*

Moreover, even if Mr. Gillespie was not shielded from liability under the intra-corporate immunity doctrine, Plaintiff has failed to state a claim for statutory business conspiracy under Va. Code §18.2-499 because with respect to her claim against Mr. Gillespie, she has not alleged any injury to her protected business interests. Courts have been clear that business, rather than personal interests are what are protected by this statute:

> federal district courts in Virginia have consistently held that a right of action is 'afforded [under these statutes] only when malicious conduct is directed at one's business, not one's person,' and that the statute 'focuses upon conduct directed at property, i.e., one's business' and applies only to 'conspiracies resulting in business-related damages.'

*Buschi*, 775 F.2d at 1259 (4th Cir. 1985) (citations omitted) (rejecting a business conspiracy claim under Va. Code §§ 18.2-499 and -500 based on "injury to the professional reputation of the plaintiffs" as it was "in essence, an action in slander and libel"); *see also Andrews v. Ring*, 266 Va. 311, 319 (2003) (holding that Va. Code §§ 18.2-499 and -500 do not apply to personal or employment interests); *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (finding that §§ 18.2-499-500 did not apply because Plaintiff alleged injuries only to his personal employment prospects). Notably, "Virginia's business conspiracy statute was not designed to

provide treble damages for defamation suits cloaked as conspiracy claims." *Shirvinski*, 673 F.3d at 321.

In this case, Plaintiff has failed to set forth *any* facts to show Mr. Gillespie's intent to injure her trade, business, or profession. Her allegations against Mr. Gillespie are limited to "embarrassment" and "mental anguish" as a result of the "abuse" she alleges to have experienced at the hospital. *Plaintiff's Complaint*, ¶ 126. Moreover, the alleged "embarrassment," "mental anguish" and "abuse" occurred five months after her termination and were related to her mother's treatment at the hospital, and not her reputation, trade, business, or profession.

Plaintiff alleges that defendants were "punishing" her in an attempt "to injure [her] reputation in her profession in public." *Plaintiff's Complaint*, ¶ 170. But the case law makes clear, Plaintiff's own professional or employment reputation is *not* a protected interest under the statute. *Andrews*, 266 Va. at 311. Therefore, because Plaintiff, at most, alleges only a conspiracy to harm her professional reputation, she has failed to state a claim for statutory business conspiracy under Virginia law.

      C.    *Plaintiff Fails to Allege Sufficient Facts to State a Business Conspiracy Claim against Mr. Gillespie.*

Plaintiff's Complaint fails to allege sufficient facts against Mr. Gillespie to support her claim of statutory business conspiracy in at least two other ways. First, she has failed to allege an actual "combination" or conspiracy and, second, has failed to adequately allege facts that support that Mr. Gillespie and any "other" person or entity had agreed to conspire in an unlawful endeavor. Instead, Plaintiff rests on bare conclusions without factual support. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Mere

7

conclusory statements that are without adequate factual support do not satisfy the pleading requirement of alleging facts upon which relief can be granted. *Dean v. Dearing*, 263 Va. 485, 490 (2002). Further, as the Fourth Circuit held in *Connor v. Real Title Corp.*, 165 F.2d 291, 294 (4th Cir. 1947), "conclusory allegations of 'a vicious conspiracy and collaboration' between three named defendants" were not sufficient to state a claim of conspiracy. *Johnson*, 14 Va. Cir. at 176 (Va. Cir. 1988) (citing *Connor v. Real Title Corp.*, 165 F.2d 291, 294 (4th Cir. 1947)).

Of the 178+ paragraph Complaint, only 11 reference Mr. Gillespie. Plaintiff describes Mr. Gillespie's conspiratorial behavior as follows: Mr. Gillespie "verbally abused" plaintiff, he began "aggressively insulting and threatening" Plaintiff and her attorney and family, and he engaged in "abusive and threatening behavior" including an "attempt[] to persuade [a] police officer to harass and intimidate Ms. Hartman and her family." *Plaintiff's Complaint*, ¶¶115-19, 167-70. (It is notable that Plaintiff also alleges that the police officer spoke to Plaintiff and her husband but refused to intercede as Mr. Gillespie allegedly requested.) *Plaintiff's Complaint*, ¶ 119. Such allegations are conclusory in nature and insufficient to state a claim for conspiracy against Mr. Gillespie.

Plaintiff does not set forth *any* facts whatsoever to show that Mr. Gillespie attempted "to procure the participation, cooperation, agreement or other assistance of any one or more persons to enter into any combination, association, agreement, mutual understanding or concert" with him *for the purpose of* "willfully and maliciously" injuring Plaintiff's "reputation, trade, business or profession," as required under Va. Code §18.2-499 (2020). Considering the issue of intra-corporate immunity discussed above, the only other allegation relevant to Mr. Gillespie is that he asked a Lynchburg police office to assist in dealing with Plaintiff and her family, and that the Police officer spoke with Plaintiff but did not do as Mr. Gillespie allegedly asked. *Plaintiff's*

8

*Complaint*, ¶ 119. This is not the type of combination or conspiracy recognized as actionable under Va. Code § 18.4-499(B).

Moreover, even if based on these bare facts, Mr. Gillespie's actions could somehow be determined to be a combination or conspiracy, certainly the request to the Lynchburg police officer was not an attempt to enlist the officer in an effort to harm Plaintiff's business interest. The incident occurred in the emergency department at Lynchburg General Hospital, and Mr. Gillespie was asking for the Lynchburg police officer to assist him in dealing with Plaintiff, Plaintiff's family, and her attorney. Plaintiff alleges the police officer was present due to a Centra Health policy. There is no reasonable inference from the facts alleged that Mr. Gillespie was attempting to procure the cooperation of the Lynchburg police in an effort to unlawfully target Plaintiff's business interests. For this reason, the motion to dismiss should be granted.

Moreover, a claim under Va. Code § 18.2-499(B) requires that the conspiratorial conduct be "unlawful." *See e.g. Dunlap v. Cottman Transmission Sys., LLC*, 287 Va. 207, 215 (Va. 2014) ("Because there can be no conspiracy to do an act that the law allows, we have held that an allegation of conspiracy, whether criminal or civil, must at least allege an unlawful act or an unlawful purpose to survive demurrer.") (internal citations omitted). Here, the facts (rather than the labels) alleged by Plaintiff do not meet this threshold.

Plaintiff alleges that she visited her mother "in the treatment area" of the emergency department at Lynchburg General Hospital where Mr. Gillespie was working as a security guard for Centra Health. *Plaintiff's Complaint*, ¶ 115. Next, Plaintiff alleges that Mr. Gillespie was "abusive" to her and "accosted her," until she returned to the waiting room and called her attorney. *Plaintiff's Complaint*, ¶¶ 115-16. When she was in the waiting room with her family and attorney, she alleges that Mr. Gillespie again "began aggressively insulting and threatening

them." *Plaintiff's Complaint*, ¶ 117. Plaintiff does not plead any of what was allegedly said to her by Mr. Gillespie, she just attaches labels to it. None of the facts alleged here are sufficient to rise to a level that warrants the inference Plaintiff wants the Court to draw—namely, that Mr. Gillespie's words towards Plaintiff and her family were "unlawful," such that they would support a statutory business conspiracy claim against Mr. Gillespie. However, Plaintiff's allegations are insufficient to warrant this inference, and, thus, fail to state a claim.[1]

## CONCLUSION

For these reasons, Plaintiff's claim against Mr. Gillespie fails. The Court should therefore dismiss Defendant Wesley Gillespie from this lawsuit with prejudice and award him any such further relief the Court deems proper.

Dated: July 14, 2020

**WESLEY GILLESPIE**
By counsel:

/s/ Eric P. Burns
Eric P. Burns, VSB #76554
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (Fax)
eric.burns@wilsonelser.com
*Counsel for Defendant Wesley Gillespie*

---

[1] In fact, Plaintiff and her husband swore out criminal warrants against Mr. Gillespie in the Lynchburg General District Court for "Abusive Language," in violation of Va. Code § 18.2-416. At trial, on December 9, 2019, having considered Plaintiff and her husband's evidence, the Court dismissed the charges on a motion to strike. *See* Lynchburg General District Court Case No(s). GC19011022-00 (Exhibit A), GC19011023-00 (Exhibit B). This court may take judicial notice of these public records and rely upon them in considering the motion to dismiss. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006); *see also* Fed. R. Evid. 201.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 14, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

/s/ Eric P. Burns
Eric P. Burns, VSB #76554
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
8444 Westpark Drive, Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (Fax)
eric.burns@wilsonelser.com
*Counsel for Defendant Wesley Gillespie*