IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| KIMBERLY HARTMAN, : | |
|    *Plaintiff* : | |
| : | |
| v. : | CASE NO.   6:20CV00027 |
| : | |
| CENTRA HEALTH, INC., *et al*, : | |
|    *Defendants*. : | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL CENTRA HEALTH, INC. TO PRODUCE RESPONSIVE DOCUMENTS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION AND TO ANSWER PLAINTIFF'S INTERROGATORY NUMBER TWO**

Plaintiff Kimberly Hartman ("Ms. Hartman") offers the Memorandum in support of her accompanying Motion to Compel Defendant Centra Health, Inc. to respond to her Requests for Production of Documents, to-wit.

### PROCEDURAL HISTORY

The pending discovery dispute is more than a year old.  The following dates and events pertain to the history of the dispute:

| DATE | EVENT |
|---|---|
| August 11, 2020 | Ms. Hartman serves her First Requests for Production of Documents on Centra. |
| September 88, 2020 | Centra served its answers and objections, but produced no documents. |
| December 21, 2020 | The first meet-and-confer telephone conference was conducted. |
| January 29, 2021 | The second meet-and-confer teleconference was conducted. |
| July 7, 2021 | The third meet-and-confer teleconference was conducted. |
| July 26, 2021 | Counsel for Ms. Hartman transmitted a letter to counsel for Centra detailing the deficiencies in Centra's production.  A copy of this letter is attached hereto and incorporated herein as **EXHIBIT A**. |
| August 12, 2021 | The fourth meet-and-confer teleconference was conducted.  Centra agreed to respond to the July 26th letter within two weeks. |
| September 14, 2021 | An informal conference was held with Judge Ballou.  Centra was directed to respond to the July 26th letter within a week. |

In between all of the above-referenced dates, Centra responded with a series of partial productions and with multiple and conflicting versions of its privilege logs. Counsel for Ms. Hartman exchange dozens of emails with counsel for Centra in an extensive and ardent effort to resolve the discovery dispute without the Court's intervention.

In contrast, Centra has acted in bad faith and in utter disregard of its discovery obligations since for more than a year. Indeed, Centra's counsel deliberately withheld documents responsive to Ms. Hartman's First Requests for Production and only produced certain responses documents when it suited their plan to assert counterclaims. Centra's counsel misled the Court by falsely stating that meet-and-confer teleconferences had not been conducted, when, in fact, <u>multiple</u> such conferences had occurred, in order to delay the informal conference.

Counsel for Centra has engaged in a pattern of obfuscation, hindrance and outright deception in order to withhold responsive documents. Indeed, during the informal conference with Judge Ballou, Centra admitted that it deliberately withheld responsive documents pending the filing of its counterclaims and this it would need to produce yet another iteration of its privilege log – more than a year after the requests were served – thus choosing to advance its own tactical strategy over its duty to adhere to the rules.

After the informal conference, Centra simply disregarded Judge Ballou's direction to respond to the July 26th letter. In sum, to date, despite Ms. Hartman's good faith effort to obtain these responsive documents through (i) dozens upon dozens of emails, (ii) <u>four</u> meet-and-confer teleconferences conducted between December, 2020 and August, 2021, (iii) a five page detailed letter addressing the specifics of the dispute and (iii) an informal telephone conference with

Judge Ballou on September 14, 2021, Centra continues to thumb its nose at the Court and at the discovery rules.

## RESPONSIVE DOCUMENTS THAT CENTRA HAS WITHHELD

**A.   DOCUMENTS THAT MENTION OR DESCRIBE THE DECISION TO TERMINATE MS. HARTMAN'S EMPLOYMENT**

Ms. Hartman requested the production of documents that describe, mention or refer to the termination of her employment.  Centra has alleged in pleading that Ms. Hartman was "placed on leave" on June 5, 2019.  Centra has also produced a report that states that Ms. Hartman was "suspended" on that date.  Counsel for Ms. Hartman has repeatedly requested the documents related to these claims, as well as any documents that mention or describe the decision-making process behind her firing.  However, Centra has not produced a single such document.  Ms. Hartman knows for certain that such documents exist, because some emails from June 5, 2019 that Centra did produce mention meeting invitations and Skype links to online meetings convened to discuss Ms. Hartman's employment and her EMTALA claim.  Of course, it goes without saying that these documents are essential to the EMTALA retaliation case.

**B.   CAREFUL CONSIDERATION LISTS**

Centra maintained off-the-books denial criteria called "Careful Consideration Lists" that were used to deny admission to each of its three psychiatric units.  In discovery, Ms. Hartman has produced such a list that she had in her possession when she was terminated and she knows from personal experience that each of the other two psychiatric units maintained and used such lists.  To date, Centra has refused to either produce these lists or to claim any privilege with regard to them.  Ms. Hartman contends that these lists, when correlated with admission records,

will show that many patients were unlawfully denied admission to Centra's psychiatric units in violation of EMTALA, thus bolstering her allegations.

**C.     DOCUMENTS PROVIDED TO REGULATORY AND LAW-ENFORCEMENT AGENCIES ABOUT MS. HARTMAN**

Ms. Hartman alleges that Centra retaliated against her, in part, by making false reports to law-enforcement and state regulatory agencies in an attempt to (i) have her falsely prosecuted, (ii) have her nursing license revoked and (iii) interfere with her education. To this end, Centra transmitted documents to the Virginia State Police, the Virginia Department of Health Professions, the Virginia Health Care Foundation and Shenandoah University, but has refused to provide these documents.[1]

**D.     FALSIFICATION OF DOCUMENTS BY CENTRA EMPLOYEES**

Ms. Hartman alleges that Centra employees falsified records; specifically, patient observation logs and intake sheets and she requested records related to the falsification of documents. The VDH validated this allegation and Centra communicated extensively with VDH regarding the matter, yet, to date, Centra has not a produced a single document responsive to Ms. Hartman's request.

**E.     DOCUMENTS RELATED TO A DAMAGED IPHONE**

Centra alleges that Ms. Hartman damaged an iPhone8 work-issued phone by microwaving it. Ms. Hartman requested that Centra produce any documents that mention or describe this iPhone. To date, the only document Centra produced was a copy of a single photograph that purportedly depicts the iPhone. Centra has not provided a single document that mentions any inspection, investigation or analysis of this phone. Neither has Centra produced a

---

[1]

single document that describes the chain of custody of the iPhone. Finally, Centra has refused counsel for Ms. Hartman's repeated direct requests to examine the iPhone itself. Ms. Hartman needs this information for several reasons: (i) to defend against the accusation that she damaged the phone, (ii) to retrieve evidence, including text messages that document Centra's retaliation against her, and (iii) to prove that any damage occurred after she delivered the phone in good working order to Centra's security guards.

## INTERROGATORY RESPONSE

Ms. Hartman requested that Centra identify the people who participated in the decision to fire her. Centra responded with a list of four people who were "part" of the "group" of such people. During the informal conference with Judge Ballou, counsel for Centra admitted that he could not say that other people were not involved. To date, Centra has not supplemented its answer. Ms. Hartman needs this information to identify witnesses and develop her case.

## CONCLUSION

Centra's refusal to comply with discovery rules has delayed the prosecution of this case and has caused Ms. Hartman to incur substantial expenses to get basis information to which she is clearly entitled. Ms. Hartman requests that the Court compel Centra to comply and award her the reasonable attorney's fees incurred in bringing this request.

Respectfully submitted,

**KIMBERLY HARTMAN**
**By Counsel**

**By: /s/ M. Paul Valois**
　　**M. Paul Valois (VSB No. 72326)**
　　**Counsel for Plaintiff**
　　**JAMES RIVER LEGAL ASSOCIATES**
　　**7601 Timberlake Road**

**Lynchburg, Virginia 24502**
**Telephone: (434) 845-4529**
**Facsimile: (434) 845-8536**
**[Email: mvalois@vbclegal.com]**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2021, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/  M. Paul Valois