#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF VIRGINIA
#### LYNCHBURG DIVISION

| | |
|---|---|
| **KIMBERLY HARTMAN,** : | |
| *Plaintiff/Counterclaim Defendant* : | |
| : | |
| **v.** : | **CASE NO.   6:20CV00027** |
| : | |
| **CENTRA HEALTH, INC.,** *et al,* : | |
| *Defendants/Counterclaimant* : | |

#### REPLY TO CENTRA'S OPPOSITION TO JOINT MOTION TO DISMISS
#### OR STRIKE CENTRA'S THIRD AMENDED COUNTERCLAIMS

Counsel for Counterclaim Defendant Kimberly Hartman inadvertently filed the wrong document (Dkt. 107) instead of filing the proper Memorandum in Support of her timely filed Joint Motion to Dismiss or Strike Centra's Third Amended Counterclaims (Dkt. 106).  Upon learning of the error, counsel for Ms. Hartman has filed a motion to extend time time for filing the proper memorandum. (Dkt. 111).  The proper memorandum is attached as an exhibit to the motion to extend time to file. (Dkt. 111-1).

Centra recognized counsel's error and seeks to exploit it, but there is really no avenue for Centra to do so, because the Joint Motion challenges subject matter jurisdiction.  Of course, as an initial matter, Centra bears the burden of establishing subject matter jurisdiction over its counterclaims.  *Demetres v. E.W. Const., Inc*. 776 F,3d 271 (4th Cir. 2015)   Moreover, a challenge to subject matter jurisdiction may be raised at any time, by any person and in any forum.  See, Rule 12(h)(3)  Indeed, the Court can challenge its subject matter jurisdiction *sua sponte*.  Thus, even if Ms. Hartman's motion is dismissed without considering its merits, she could simply immediately file another identical motion and we would be right where we are now.

While counsel for Ms. Hartman made and regrets his mistake, his mistake was an honest one.  It certainly would have been easier, cheaper and faster to deal with the error if Centra's

counsel had simply emailed upon discovering the mistake, instead of wasting time and money replying to an obviously mistakenly filed document that, as Centra concedes, has absolutely nothing to do with the motion. As such, Centra's hands are hardly clean with regard to any expense or delay incurred by the error.

For these reasons, Ms. Hartman prays that Court permit the late filing of the Memorandum in Support of her Joint Motion to Dismiss or Strike Centra's Third Amended Counterclaims and upon a full and fair consideration of the merits of her Joint Motion, to dismiss or strike Centra's Third Amended Counterclaims in whole or, alternatively, in part for the reasons stated in the proper Memorandum in Support of the Joint Motion.

Respectfully submitted,

**KIMBERLY HARTMAN**
**By Counsel**

**By: /s/ M. Paul Valois**
    **M. Paul Valois (VSB No. 72326)**
    **Counsel for Plaintiff/Counterclaim Defendant**
    **JAMES RIVER LEGAL ASSOCIATES**
    **7601 Timberlake Road**
    **Lynchburg, Virginia 24502**
    **Telephone: (434) 845-4529**
    **Facsimile: (434) 845-8536**
    **[Email: mvalois@vbclegal.com]**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2022, I electronically filed the foregoing Memorandum with the Clerk of this Court using the CM/ECF system, which will automatically send notice of this filing to all counsel of record.

/s/  M. Paul Valois